1

LATHAM & WATKINS LLP
Christopher S. Yates (Bar No. 161273)
  *chris.yates@lw.com*

2

Belinda S Lee (Bar No. 199635)
  *belinda.lee@lw.com*

3

Brendan A. McShane (Bar No. 227501)
  *brendan.mcshane@lw.com*

4

Alicia R. Jovais (Bar No. 296172)
  *alicia.jovais@lw.com*

5

505 Montgomery Street, Suite 2000

6

San Francisco, California  94111-6538
Telephone:  +1.415.391.0600

7

8

Lawrence E. Buterman (admitted *pro hac vice*)
  *lawrence.buterman@lw.com*
1271 Avenue of the Americas

9

New York, New York 10020
Telephone:  +1.212.906.1747

10

*Attorneys for Defendant Walmart Inc.*

11

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

SAN JOSE DIVISION

15

16

KIMBERLY SCHUMAN and KYLE
KELLEY, on behalf of themselves and those
similarly situated,

17

18

Plaintiffs,

19

20

v.

21

22

ENERGIZER HOLDINGS, INC.; AND

23

WAL-MART, INC.,

24

25

Defendants.

26

27

28

CASE NO. 5:23-CV-02093-PCP

**DEFENDANT WALMART INC.'S
ANSWER TO PLAINTIFFS
KIMBERLY SCHUMAN AND KYLE
KELLEY'S CLASS ACTION
COMPLAINT**

**DEMAND FOR JURY TRIAL**

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
MANCHESTER

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

Defendant Walmart Inc. ("Walmart" or "Defendant"), hereby answers the Class Action Complaint (ECF. No. 1) ("Complaint") which was filed by Plaintiffs Kimberly Schuman and Kyle Kelley, on behalf of themselves and all others similarly situated ("Plaintiffs") on April 28, 2023.

## ANSWER TO PLAINTIFFS' CLASS ACTION COMPLAINT

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Defendant Walmart, by and through its undersigned counsel, hereby answers and asserts defenses to the claims and allegations made by Plaintiffs in the Complaint.

## RESPONSE TO SPECIFIC ALLEGATIONS

Numbered paragraphs below correspond to the like-numbered paragraphs in the Complaint. For the avoidance of doubt, Walmart denies any allegations contained in the Table of Contents, headings, subheadings, illustrations, or footnotes of the Complaint, and specifically denies any liability to Plaintiffs. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, moreover, allegations in the Complaint to which no responsive pleading is required shall be deemed to be denied. Walmart expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

To the extent not expressly admitted, all allegations in the Complaint are denied.

Walmart admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the putative classes alleged in Paragraphs 115 and 116. Walmart denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any relief. The remaining allegations in the first unnumbered paragraph are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, except as expressly admitted, Walmart denies the remaining allegations in the first unnumbered paragraph.

The allegations in the second unnumbered paragraph are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart admits that Plaintiffs assert claims based on an alleged agreement between Defendant Energizer Holdings, Inc. ("Energizer") and Walmart. Except as expressly admitted, Walmart denies the allegations in the second unnumbered paragraph.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

**I.     INTRODUCTION**

1.      The allegations in Paragraph 1 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 1.

2.      The allegations in Paragraph 2 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 2.

3.      Walmart admits that it competes with other retailers that purchase Energizer-branded batteries from Energizer at wholesale and then sell those batteries at retail.  The remaining allegations in Paragraph 3 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Walmart denies the remaining allegations in Paragraph 3.

4.      The allegations in Paragraph 4 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 4.

5.      The allegations in Paragraph 5 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and, on that basis, denies them.

6.      The allegations in Paragraph 6 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 6.

7.      The allegations in Paragraph 7 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief about Energizer's or Duracell's market share and otherwise denies the allegations in Paragraph 7.

8.      The allegations in Paragraph 8 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart admits

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

that it is a national retailer of disposable battery products, among other products.  Except as expressly admitted, Walmart denies the allegations in Paragraph 8.

9.   The allegations in Paragraph 9 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 9.

10.   The allegations in Paragraph 10 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 10.

11.   Walmart admits that Plaintiffs purport to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of the putative classes alleged in Paragraphs 115 and 116.  Walmart denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any relief.  The remaining allegations in Paragraph 11 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, except as expressly admitted, Walmart denies the remaining allegations in Paragraph 11.

## II.   THE PARTIES

12.   Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis, denies them.

13.   Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and on that basis, denies them.

14.   Walmart admits that Defendant Energizer Holdings, Inc. ("Energizer") is a manufacturer of disposable batteries.  Except as expressly admitted, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and on that basis, denies them.

15.   Walmart admits that it operates over four thousand retail stores in the United States.  Walmart further admits that it maintains its principal offices in Bentonville, Arkansas, and that it maintains an eCommerce Corporate office in San Bruno, California.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 15.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

### III.     JURISDICTION AND VENUE

16.     The allegations in Paragraph 16 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart admits that Plaintiffs bring claims under the Sherman Act, 15 U.S.C. §§ 1, 3, and California's Cartwright Act, Cal. Bus. & Prof. Code §§ 16720 et seq., and Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 16.

17.     The allegations in Paragraph 17 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart admits that Plaintiffs purport to plead venue pursuant to 28 U.S.C. § 1391, and that Walmart transacts business and maintains business offices within California.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 as they relate to Energizer, and on that basis, denies them.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 17.

18.     The allegations in Paragraph 18 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart admits that it has transacted business within California during the period identified in the complaint.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Energizer, and on that basis, denies them.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 18.

### IV.     DIVISIONAL ASSIGNMENT

19.     The allegations in Paragraph 19 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart admits that Plaintiffs purport to plead the propriety of assignment of this matter to the San Francisco or Oakland Division of the Northern District of California under Local Rule 3-2(c)-(e).  However, Walmart notes that the Court to which this case is assigned sits in the San Jose Division.  Walmart admits that it maintains an eCommerce Corporate office in San Bruno, California.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

where Plaintiffs Kimberly Schuman and Kyle Kelley reside and purchase Energizer battery products, and on that basis, denies them.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 19.

V.     FACTUAL BACKGROUND

20.    Walmart admits that certain batteries are single-use (i.e., non-rechargeable) power sources.  Walmart further admits that disposable batteries come in different sizes, and that the American National Standards Institute or International Electrotechnical Commission publish standards for disposable batteries.  Walmart further admits that disposable batteries can be used in a variety of products, including but not limited to certain types of toys, flashlights, remote controls, smoke detectors, and some power tools.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of Paragraph 20, and on that basis, denies them.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 20.

21.    The allegations in Paragraph 21 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and on that basis, denies them.

22.    The allegations in Paragraph 22 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis, denies them.

23.    The allegations in Paragraph 23 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23, and on that basis, denies them.

24.    Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and on that basis, denies them.

25.    Walmart admits that some consumer devices are powered by rechargeable or

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

renewable power sources.  Except as expressly admitted, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and on that basis, denies them.

26.    Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and on that basis, denies them.

27.    Paragraph 27 purports to characterize and excerpt an unidentified and unknown "news report."  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 27, and on that basis, denies them.

28.    The allegations in Paragraph 28 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 28.

29.    Walmart admits that Plaintiffs purport to characterize unidentified Energizer SEC filings.  Walmart states that the documents speak for themselves.  Except as expressly admitted, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and on that basis, denies them.

30.    Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis, denies them.

31.    Walmart denies the allegations in Paragraph 31.

32.    The allegations in Paragraph 32 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and on that basis, denies them.

33.    Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and on that basis, denies them.

34.    Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and on that basis, denies them.

35.    Walmart admits that it purchases battery products from Energizer pursuant to the

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

terms of General Merchandise Supplier Agreements and that the terms of those agreements speak for themselves.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 35, and on that basis, denies them.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 35.

36.     The allegations in Paragraph 36 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 36.

37.     The allegations in Paragraph 37 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 37.

38.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and on that basis, denies them.

39.     The allegations in Paragraph 39 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 39.

40.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and on that basis, denies them.

41.     The allegations in Paragraph 41 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegation that Energizer engaged in the alleged conduct "at Walmart's behest."  Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41, and on that basis, denies them.

42.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42, and on that basis, denies them.

43.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and on that basis, denies them.

44.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and on that basis, denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

45.     Paragraph 45 purports to quote excerpts from an unidentified and unknown internal Energizer email.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 45, and on that basis, denies them.

46.     Paragraph 46 purports to quote excerpts from unidentified and unknown internal Energizer emails.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 46, and on that basis, denies them.

47.     Paragraph 47 purports to highlight and quote excerpts from unidentified and unknown internal Energizer emails.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 47, and on that basis, denies them.  The remaining allegations in Paragraph 47 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies them.

48.     The allegations in Paragraph 48 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and on that basis, denies them.

49.     Paragraph 49 purports to quote excerpts from unidentified and unknown internal Energizer emails.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 49, and on that basis, denies them.

50.     Paragraph 50 purports to excerpt an unidentified and unknown spreadsheet purportedly sent from Energizer to Portable Power.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the excerpt or the truth of the allegations in Paragraph 50, and on that basis, denies them.

51.     Walmart denies the allegation in Paragraph 51 of a scheme between Walmart and Energizer.  Walmart lacks knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in Paragraph 51, and on that basis, denies them.

52.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and on that basis, denies them.

53.     Walmart denies the allegation of a "scheme" between Walmart and Energizer. Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53, and on that basis, denies them.

54.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and on that basis, denies them.

55.     Walmart denies the allegations in Paragraph 55.

56.     Paragraph 56 purports to describe and excerpt a Figure showing Walmart's pricing of certain battery products from an unidentified and unknown source.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the Figure or the truth of the allegations in Paragraph 56, and on that basis, denies them.

57.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and on that basis, denies them.

58.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and on that basis, denies them.

59.     Walmart denies the allegations in Paragraph 59.

60.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60, and on that basis, denies them.

61.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and on that basis, denies them.

62.     Paragraph 62 purports to quote excerpts from an unidentified and unknown email between Energizer and Portable Power.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 62, and on that basis, denies them.

63.     Paragraph 63 purports to quote and excerpt from an unidentified and unknown email between Energizer and Portable Power.  Walmart lacks knowledge or information sufficient

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

9

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

1   to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 63,

2   and on that basis, denies them.

3       64.     Paragraph 64 purports to quote and excerpt from an unidentified and unknown

4   email between Energizer and Portable Power.  Walmart lacks knowledge or information sufficient

5   to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 64,

6   and on that basis, denies them.

7       65.     Walmart denies the allegation of an "agreement" between Energizer and Walmart.

8   Paragraph 65 purports to quote and excerpt from an unidentified and unknown internal Energizer

9   email.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of

10  the excerpts or the truth of the remaining allegations in Paragraph 65, and on that basis, denies

11  them.

12      66.     Paragraph 66 purports to quote and excerpt from an unidentified and unknown

13  internal Energizer email.  Walmart lacks knowledge or information sufficient to form a belief as

14  to the accuracy of the excerpts or the truth of the allegations in Paragraph 66, and on that basis,

15  denies them.

16      67.     The allegations in Paragraph 67 are legal conclusions and characterizations, and no

17  responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies

18  the first sentence of Paragraph 67.  Walmart lacks knowledge or information sufficient to form a

19  belief as to the truth of the allegations in the second sentence of Paragraph 67, and on that basis,

20  denies them.

21      68.     Walmart lacks knowledge or information sufficient to form a belief as to the truth

22  of the allegations in Paragraph 68, and on that basis, denies them.

23      69.     Walmart lacks knowledge or information sufficient to form a belief as to the truth

24  of the allegations in Paragraph 69, and on that basis, denies them.

25      70.     Walmart lacks knowledge or information sufficient to form a belief as to the truth

26  of the allegations in Paragraph 70, and on that basis, denies them.

27      71.     Paragraph 71 purports to quote and excerpt from an unidentified and unknown

28  email between Energizer and Portable Power.  Walmart lacks knowledge or information sufficient

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

to form a belief as to the accuracy of the excerpts or the truth of the allegations in Paragraph 71, and on that basis, denies them.

72.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis, denies them.

73.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis, denies them.

74.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and on that basis, denies them.

75.     Paragraph 75 purports to characterize and quote from a Wall Street Journal article from April 17, 2018.  Walmart states that the content of that article speaks for itself.  Except as expressly stated above, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and on that basis, denies them.

76.     Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and on that basis, denies them.

77.     The allegations in Paragraph 77 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies them.

78.     The allegations in Paragraph 78 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies them.

79.     The allegations in Paragraph 79 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 79, and on that basis, denies them.  Walmart denies the remaining allegations in Paragraph 79.

80.     The allegations in Paragraph 80 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies them.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

81.     Paragraph 81 purports to reflect a graph showing "Shares of Major Cells - Alkaline + Lithium" for Duracell and Energizer from an unidentified and unknown source.  Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the graph or the truth of the allegations in Paragraph 81, and on that basis, denies them.

82.     The allegations in Paragraph 82 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 82.

83.     The allegations in Paragraph 83 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 83.

84.     The allegations in Paragraph 84 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 84.

85.     The allegations in Paragraph 85 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 85.

## VI.     MARKET POWER AND MARKET DEFINITION

86.     The allegations in Paragraph 86 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 86.

87.     The allegations in Paragraph 87 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 87.

88.     The allegations in Paragraph 88 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis, denies them.

89.     The allegations in Paragraph 89 are legal conclusions and characterizations, and no

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

12

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis, denies them.

90.     The allegations in Paragraph 90 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 90.

91.     The allegations in Paragraph 91 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 91.

92.     The allegations in Paragraph 92 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence in Paragraph 92, and on that basis, denies that allegation.  Walmart denies the remaining allegations in Paragraph 92.

93.     The allegations in Paragraph 93 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and on that basis, denies them.

94.     The allegations in Paragraph 94 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences in Paragraph 94, and on that basis, denies them.   Walmart denies the remaining allegations in Paragraph 94.

95.     The allegations in Paragraph 95 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 95.

96.     The allegations in Paragraph 96 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

the allegations in Paragraph 96.

## VII.   ANTICOMPETITIVE EFFECTS

97.     The allegations in Paragraph 97 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 97.

98.     The allegations in Paragraph 98 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 100.

101.    Walmart denies the allegations in Paragraph 101.

102.    The allegations in Paragraph 102 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 102.  With respect to the Figure 2 depicted in Paragraph 102, that figure is from an unidentified and unknown source and Walmart lacks knowledge or information sufficient to form a belief as to the accuracy of the numbers depicted in that figure, and denies the allegations related to that figure on that basis.

## VIII.   STATUTES OF LIMITATIONS DO NOT BAR PLAINTIFF'S CLAIMS

103.    The allegations in Paragraph 103 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 103.

104.    The allegations in Paragraph 104 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 104.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

1        105.    The allegations in Paragraph 105 are legal conclusions and characterizations, and

2  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

3  denies the allegations in Paragraph 105.

4        106.    The allegations in Paragraph 106 are legal conclusions and characterizations, and

5  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

6  denies the allegations in Paragraph 106.

7        107.    The allegations in Paragraph 107 are legal conclusions and characterizations, and

8  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

9  denies the allegations in Paragraph 107.

10        108.    Walmart lacks knowledge or information sufficient to form a belief as to the truth

11  of the allegations in Paragraph 108, and on that basis, denies them.

12        109.    The allegations in Paragraph 109 are legal conclusions and characterizations, and

13  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

14  lacks knowledge or information sufficient to form a belief as to the truth of the allegations in

15  Paragraph 109, and on that basis, denies them.

16        110.    Walmart lacks knowledge or information sufficient to form a belief as to the truth

17  of the allegations in Paragraph 110, and on that basis, denies them.

18        111.    Paragraph 111 purports to describe and excerpt an unidentified and unknown

19  internal Energizer email exchange.  Walmart lacks knowledge or information sufficient to form a

20  belief as to the accuracy of the purported description and excerpts, and on that basis, denies the

21  allegations in Paragraph 111.

22        112.    Paragraph 112 purports to describe a phone conversation between Energizer and

23  Portable Power.  Walmart lacks knowledge or information sufficient to form a belief as to the

24  accuracy of the purported description or the truth of the allegations in Paragraph 112, and on that

25  basis, denies them.

26        113.    The allegations in Paragraph 113 are legal conclusions and characterizations, and

27  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

28  denies the allegations in Paragraph 113.

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

1

## IX.    CLASS ACTION ALLEGATIONS

2       114.    Walmart admits that Plaintiffs purport to bring this action as a class action pursuant

3  to Federal Rule of Civil Procedure 23 on behalf of the putative classes alleged in Paragraphs 115

4  and 116.  Walmart denies that Plaintiffs' claims are appropriate for class treatment and/or that

5  Plaintiffs are entitled to any relief.  Except as expressly admitted, Walmart denies the remaining

6  allegations in Paragraph 114.

7       115.    The allegations in Paragraph 115 are legal conclusions and characterizations, and

8  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

9  admits that Plaintiffs purport to define certain terms in the alleged class definition.  Walmart denies

10  that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any

11  relief.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 115.

12       116.    The allegations in Paragraph 116 are legal conclusions and characterizations, and

13  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

14  admits that Plaintiffs purport to define certain terms in the alleged class definition.  Walmart denies

15  that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled to any

16  relief.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph 116.

17       117.    The allegations in Paragraph 117 are legal conclusions and characterizations, and

18  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

19  admits that Plaintiffs purport to exclude certain individuals from the alleged classes.  Walmart

20  denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled

21  to any relief.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph

22  117.

23       118.    The allegations in Paragraph 118 are legal conclusions and characterizations, and

24  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

25  denies the allegations in Paragraph 118.

26       119.    The allegations in Paragraph 119 are legal conclusions and characterizations, and

27  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

28  denies the allegations in Paragraph 119.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

120.   The allegations in Paragraph 120 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 120.

121.   The allegations in Paragraph 121 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 121.

122.   The allegations in Paragraph 122 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 122.

123.   The allegations in Paragraph 123 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 123.

## X.     CAUSES OF ACTION

### COUNT 1
### VIOLATION OF SECTION 1 OF THE SHERMAN ACT
### 15 U.S.C. §§ 1, 3
### AGAINST ALL DEFENDANTS ON BEHALF OF THE NATIONAL CLASS

124.   Walmart reasserts and hereby incorporates by reference its responses to each Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

125.   The allegations in Paragraph 125 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 125.

126.   The allegations in Paragraph 126 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 126.

127.   The allegations in Paragraph 127 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 127.

128.   The allegations in Paragraph 128 are legal conclusions and characterizations, and

LATHAM&WATKINSLLP
ATTORNEYS AT LAW
SAN FRANCISCO

17

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 128.  Walmart further states that the Court rejected Plaintiffs' claim that the alleged conduct is per se unlawful.  See Order Denying Defs.' Mot. to Dismiss, ECF No. 81 at 11-12, n.6.

129.    Paragraph 129 purports to characterize and excerpt Energizer's 2019 Form 10-K filing with the SEC.  Walmart states that Energizer's 2019 Form 10-K speaks for itself.  Except as expressly stated above, Walmart denies the allegations in Paragraph 129.

130.    The allegations in Paragraph 130 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 130.  Walmart further states that the Court rejected Plaintiffs' claim that Walmart competes with Energizer for the retail sale of batteries.  See Order Denying Defs.' Mot. to Dismiss, ECF No. 81 at 11, n.6.

131.    The allegations in Paragraph 131 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 131.  Walmart further states that the Court rejected Plaintiffs' allegation that Walmart and Energizer are "horizontal" competitors.  See Order Denying Defs.' Mot. to Dismiss, ECF No. 81 at 11-12, n.6.

132.    The allegations in Paragraph 132 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 132.

133.    The allegations in Paragraph 133 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 133.

134.    The allegations in Paragraph 134 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 134.

135.    The allegations in Paragraph 135 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

denies the allegation in the first sentence of Paragraph 135. Walmart admits that disposable batteries can be used in certain toys, key fobs, flashlights, and calculators, among other products. Except as so stated, Walmart lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 135, and on that basis, denies them.

136. The allegations in Paragraph 136 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 136.

137. The allegations in Paragraph 137 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 137.

138. The allegations in Paragraph 138 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 138.

139. The allegations in Paragraph 139 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 139.

140. The allegations in Paragraph 140 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 140.

141. The allegations in Paragraph 141 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 141.

142. The allegations in Paragraph 142 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 142.

143. The allegations in Paragraph 143 are legal conclusions and characterizations, and no responsive pleading is required. To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 143.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

19

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

1     144.    The allegations in Paragraph 144 are legal conclusions and characterizations, and

2  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

3  denies the allegations in Paragraph 144.

4     145.    The allegations in Paragraph 145 are legal conclusions and characterizations, and

5  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

6  denies the allegations in Paragraph 145.

7     146.    The allegations in Paragraph 146 are legal conclusions and characterizations, and

8  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

9  admits that Plaintiffs purport to seek the specified relief under the Sherman Act.  However,

10  Walmart denies that Plaintiffs are entitled to any relief.  Except as expressly admitted, Walmart

11  denies the remaining allegations in Paragraph 146.

**COUNT II**
**VIOLATION OF CALIFORNIA'S CARTWRIGHT ACT**
**CAL. BUS. & PROF. CODE §§ 16720 ET SEQ.**
**(VERTICAL PRICE FIXING)**
**AGAINST ALL DEFENDANTS ON BEHALF OF THE CALIFORNIA CLASS**

15     147.    Walmart reasserts and hereby incorporates by reference its responses to each

16  Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

17     148.    The allegations in Paragraph 148 are legal conclusions and characterizations, and

18  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

19  admits that Plaintiffs purport to plead a claim under the Cartwright Act, Cal. Bus. & Prof. Code

20  §§ 16720 et seq., on behalf of the putative class alleged in Paragraph 115.  However, Walmart

21  denies that Plaintiffs' claims are appropriate for class treatment and/or that Plaintiffs are entitled

22  to any relief.  Except as expressly admitted, Walmart denies the remaining allegations in Paragraph

23  148.

24     149.    The allegations in Paragraph 149 are legal conclusions and characterizations, and

25  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

26  denies the allegations in Paragraph 149.

27     150.    The allegations in Paragraph 150 are legal conclusions and characterizations, and

28  no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

LATHAM&WATKINS^LLP
ATTORNEYS AT LAW
SAN FRANCISCO

20

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

1    denies the allegations in Paragraph 150.

2        151.    The allegations in Paragraph 151 are legal conclusions and characterizations, and

3    no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

4    denies the allegations in Paragraph 151.

5        152.    The allegations in Paragraph 152 are legal conclusions and characterizations, and

6    no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

7    denies the allegations in Paragraph 152.

**COUNT III**
**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**
**CAL. BUS. & PROF. CODE§§ 17200 ET SEQ.**
**AGAINST ALL DEFENDANTS ON BEHALF OF THE CALIFORNIA CLASSES**

10       153.    Walmart reasserts and hereby incorporates by reference its responses to each

11   Paragraph of Plaintiffs' Complaint, as though fully set forth herein.

12       154.    The allegations in Paragraph 154 are legal conclusions and characterizations, and

13   no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

14   denies the allegations in Paragraph 154.

15       155.    The allegations in Paragraph 155 are legal conclusions and characterizations, and

16   no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

17   denies the allegations in Paragraph 155.

18       156.    The allegations in Paragraph 156 are legal conclusions and characterizations, and

19   no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

20   denies the allegations in Paragraph 156.

21       157.    The allegations in Paragraph 157 are legal conclusions and characterizations, and

22   no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

23   denies the allegations in Paragraph 157.

24       158.    The allegations in Paragraph 158 are legal conclusions and characterizations, and

25   no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

26   denies the allegations in Paragraph 158.

27       159.    The allegations in Paragraph 159 are legal conclusions and characterizations, and

28   no responsive pleading is required.  To the extent any responsive pleading is required, Walmart

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

21

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

denies the allegations in Paragraph 159.

160.    The allegations in Paragraph 160 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 160.

161.    The allegations in Paragraph 161 are legal conclusions and characterizations, and no responsive pleading is required.  To the extent any responsive pleading is required, Walmart denies the allegations in Paragraph 161.

## XI.    DEMAND FOR JUDGMENT

The remainder of the Complaint consists of Plaintiffs' prayer for relief to which no response is required.  To the extent a response is required, Walmart denies that Plaintiffs are entitled to the relief sought in the Complaint or to any relief whatsoever.

## XII.    JURY DEMAND

Walmart demands a trial by jury on all issues so triable.

## DEFENSES

Walmart responds below by identifying solely those defenses that it presently intends to assert based on its current knowledge and information.  Walmart does not have any obligation (nor does it intend) to identify its litigation strategy and/or all of the evidence or arguments that it may assert as a defense to Plaintiffs' claims, including in rebuttal to any arguments or evidence that Plaintiffs may present at trial.  Plaintiffs have the burden of proof to establish each and every element of their claims against Walmart, and Walmart denies that Plaintiffs can meet their burden of proof to meet those elements.

Among other things, Plaintiffs bear the burden of proof with respect to causation and damages—including the existence and scope of any injury, and taking into consideration any setoff permitted by the law for any such injury.  Each of these issues, among others, are required elements that Plaintiffs must prove to establish their claims.  Walmart does not intend to waive—and hereby expressly reserves—its ability to argue and present evidence that Plaintiffs cannot meet their own burden of proof to establish each element of their claims.  Walmart further denies that Plaintiffs are able to meet their burden of establishing that the putative classes meet the requirements of Rule

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

22

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

23 of the Federal Rules of Civil Procedure, and denies that this action is appropriate for class treatment.

Subject to the foregoing, as distinct defenses, Walmart alleges as follows:

**FIRST DEFENSE**
**(Lack of Standing / No Antitrust Injury)**

Plaintiffs' claims are too indirect and remote to satisfy the Supreme Court's requirements for antitrust injury.  Plaintiffs purport to have purchased Duracell- and Energizer-branded batteries from Walmart.  There are no allegations or facts to support the claim that the retail prices set by Walmart were fixed as part of any alleged agreement with Energizer.  Nor are there any allegations or facts to support the claim that Duracell was part of any unlawful agreement or that Duracell's wholesale pricing to Walmart (or any other distributor or retailer) was set at a supracompetitive level and/or that Duracell's pricing was set based on any unlawful agreement involving Walmart.

**SECOND DEFENSE**
**(Business Justification / No Wrongful Means / Lawful Competition)**

Walmart alleges, without admitting any liability whatsoever, that at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.  Walmart's actions did not restrain competition in any relevant market.

**THIRD DEFENSE**
**(Third-Party Conduct)**

Plaintiffs' claims are barred, in whole or in part, because the damages to Plaintiffs, if any, lack a causal connection to Walmart, including without limitation because any injuries that may have been suffered were caused solely or proximately by the intervening and supervening acts or omissions of third parties over whom Walmart had no control or responsibility.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

23

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

**FOURTH DEFENSE**
**(Failure to Mitigate)**

Plaintiffs are barred from recovery by reason of their failure to mitigate, minimize, or avoid the damages alleged in the Complaint.

**FIFTH DEFENSE**
**(Statute of Limitations / Laches)**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations that apply to their Sherman Act, state antitrust and state consumer protection claims.  As set forth above, Walmart denies the existence of any unlawful agreement among Energizer and Walmart as set forth in the Complaint.  However, Plaintiffs' allegations regarding that alleged agreement are all based on alleged facts that have been available for several years prior to the filing of their Complaint.  Among other things, the Complaint purports to rely on Energizer's SEC filings, price increases for Energizer-branded batteries and battery products implemented in April 2018, and emails that Portable Power allegedly received in November 2018.  Walmart denies that these allegations are sufficient to support the claims alleged in the Complaint.  However, if Plaintiffs believed that these facts reflect allegedly anticompetitive conduct, then Plaintiffs should have brought their claims within the relevant statutory periods for the claims asserted in the Complaint.

**SIXTH DEFENSE**
**(Multiple Recoveries)**

Plaintiffs' claims are barred, in whole or in part, to the extent that they would result in Walmart paying damages to more than one claimant for the same alleged antitrust injury, because such multiple recoveries would violate rights guaranteed to Walmart by the United States Constitution, including, without limitation, rights guaranteed under the Due Process Clause of the Fourteenth Amendment and any other applicable state statutes.

**SEVENTH DEFENSE**
**(Setoff)**

Walmart is entitled to setoff for any settlement or other amounts received by Plaintiffs from Energizer and/or any alleged co-conspirators to this action.

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

24

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

1

**RESERVATION OF RIGHTS**

2      Walmart further states that it has insufficient knowledge or information upon which to form

3  a basis as to whether it may have additional defenses available at this time—apart from its general

4  defense that Plaintiffs cannot meet the elements of their claims, and the specific defenses

5  enumerated above.  Walmart reserves the right to amend this Answer to supplement and/or modify

6  its defenses based upon evidence and/or legal theories that may be or will be divulged through

7  clarification of the Complaint, discovery, or further factual or legal analysis of Plaintiffs'

8  allegations, contentions, and positions in this litigation.  Walmart incorporates by reference any

9  defenses applicable to it that are asserted by any other defendant to this action as if set forth herein.

10

**PRAYER FOR RELIEF**

11      WHEREFORE, Walmart prays as follows:

12          A.      For dismissal of the Complaint with prejudice;

13          B.      For an award to Walmart of its costs, expenses, and disbursements in this

14                  action;

15          C.      For an award to Walmart of the fees it incurred in defending this action,

16                  including reasonable attorneys' fees; and

17          D.      For such further relief as this Court may deem just and proper

18

**JURY DEMAND**

19  Walmart demands a trial by jury on all issues so triable.

20

21

22

23

24

25

26

27

28

LATHAM&WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

25

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP

1  Dated:  March 8, 2024

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully Submitted,

LATHAM & WATKINS LLP

By  */s/ Christopher S. Yates*
    Christopher S. Yates (Bar No. 161273)
      *chris.yates@lw.com*
    Belinda S. Lee (Bar No. 199635)
      *belinda.lee@lw.com*
    Brendan A. McShane (Bar No. 227501)
      *brendan.mcshane@lw.com*
    Alicia R. Jovais (Bar No. 296172)
      *alicia.javas@lw.com*
    505 Montgomery Street, Suite 2000
    San Francisco, CA  94111-6538
    Telephone:  (415) 391-0600

    Lawrence E. Buterman (admitted *pro hac vice*)
      *lawrence.buterman@lw.com*
    1271 Avenue of the Americas
    New York, NY  10020
    Telephone:  (212) 906-1747

    *Attorneys for Defendant*
    *Walmart Inc.*

LATHAM & WATKINS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

26

WALMART'S ANSWER TO
SCHUMAN COMPLAINT
CASE NO. 5:23-CV-02093-PCP